UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMIR ATHLETIC, LLC                                    CIVIL ACTION

VERSUS                                                          NO. 11-2082

STATE FARM FIRE AND                              SECTION "H" (2)
CASUALTY COMPANY

## ORDER AND REASONS ON MOTIONS

This is an action by plaintiff, a business entity – Amir Athletic, LLC – to recover $121,793.44 under a business liability insurance policy issued by defendant, State Farm Fire and Casualty Company.  The losses allegedly occurred as a result of a burglary of plaintiff's shoe store on Holmes Boulevard in Terrytown, Louisiana, in July 2010. In addition to the basic losses, plaintiff also seeks statutory penalties and attorney's fees for State Farm's failure to pay the claim. Defendant denies that all of the losses claimed by plaintiff occurred as a result of burglary and asserts defenses including plaintiff's alleged breach of certain requirements of the insurance policy and claims process misrepresentation, which defense counsel has characterized as fraud.

Defendant's Motion to Compel Discovery, Record Doc. No. 24, and plaintiff's Motion for Discovery Conference (construed as Motion for Protective Order and/or to Quash), Record Doc. No. 27, are pending before me in this matter.  The parties filed written opposition memoranda.  Record Doc. Nos. 26 and 33.  Defendant was granted leave to file a supplemental memorandum in support of its motion to compel.  Record

Doc. Nos. 34 and 36.  Oral argument was conducted before me on February 15, 2012. Having considered the record, the applicable law and the oral argument of counsel, **IT IS ORDERED** that the motions are GRANTED IN PART AND DENIED IN PART as follows.

In determining the motions, I apply the familiar – if dichotomous – discovery standard of Fed. R. Civ. P. 26(b)(1) and (2). As a threshold  matter, discovery is limited to that which is "relevant to any party's <u>claim</u> or <u>defense</u>." It may be expanded to that which is relevant to the broader category of the "<u>subject</u> <u>matter</u> involved in the action," but only on court order "[f]or good cause." Fed. R. Civ. P. 26(b)(1). No court order extending discovery in this case to "subject matter" has been issued, and no showing of good cause to support such an order has been made.

Beyond the initially permissible scope of discovery, however, Fed. R. Civ. P. 26(b)(2)(C), among other Rules, imposes limitations on the extent of discovery. This Rule requires that, "on motion <u>or on its</u> <u>own</u>, the court <u>must</u> limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines, among other things, that" the requested discovery is "unreasonably cumulative or duplicative," can be obtained in a more convenient or less burdensome or expensive manner, that "ample opportunity" to obtain the discovery [<u>e.g.</u> from other sources] has already been provided, or that the burden or expense of the requested discovery "outweighs its likely benefit"

to the case, considering "the needs of the case, the amount in controversy, the parties' resources, then importance of the issues at stake . . . and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

At issue in the current motions are fourteen (14) Rule 33 interrogatories and 34 Rule 34 requests for production served on plaintiff by defendant in August 2011 (as to which defendant seeks responses in its motion to compel) and eight (8) notices of depositions to individuals, including plaintiff's principal, accompanied by 12 requests for production of documents (as to which plaintiff seeks relief in its "motion for discovery conference," which I have construed as a Rule 26 motion for protective order). All of the subject discovery is sought by defendant State Farm, not by plaintiff.

As a general matter, defendant's discovery in this case has been extensive and broad-ranging. As plaintiff's counsel demonstrated at oral argument, voluminous banking and financial records sought by State Farm from plaintiff in the subject discovery requests have already been obtained directly from other sources by State Farm through subpoenas duces tecum or otherwise. Some of the written discovery, including the requests for documents from the individual deponents, is overly broad, requests much that appears irrelevant to the claims and defenses in this case, and exceeds the limits of Rule 26(b)(2)(C). Thus, I address the subject discovery requests as follows:

(A)   <u>Defendant's Motion (Interrogatories and Requests for Production to Plaintiff)</u>

Plaintiff failed to provide written <u>timely</u> answers and/or objections to the interrogatories or responses and/or objections to the requests for production, as required by Fed. R. Civ. P. 33(b) and 34(b)(2).  Instead, it waited well <u>after</u> the deadline for submitting responses and after defendant was forced to file its motion to compel before providing the <u>late</u> responses attached to defendant's supplement memorandum.  Record Doc. No. 36-1.

Generally, failure to provide written answers and/or objections to interrogatories waives all objections to the interrogatories, unless the court excuses the failure for good cause.  Fed. R. Civ. P. 33(b)(4).  In addition, failure to provide specific written responses to requests for production within the time period established by Fed. R. Civ. P. 34(b) generally results in the waiver of objections to the requests.  See <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); <u>accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.</u>, 236 F.R.D. 396, 398 (N.D.

Ill. 2006); <u>Brown-Stahlman v. Charter Trust Co.</u>, No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006).

Of course, the court retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made. <u>Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc.</u>, No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); <u>Lucero v. Martinez</u>, No. 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006); <u>Kolenc v. Bellizzi</u>, No. 95 CIV. 4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999); <u>Krewson</u>, 120 F.R.D. at 7.

On one hand, plaintiff's argument in both its opposition memorandum and its motion for a discovery conference that my October 12, 2011 order, Record Doc. No. 14, concerning defendant's subpoena duces tecum to a <u>non-party</u> (a state agency), as opposed to plaintiff itself, somehow established "law of the case" governing all discovery requests to plaintiff itself is misplaced. That order related to a particular subpoena duces tecum to a particular <u>non</u>-party, <u>not</u> plaintiff. It was not a protective order or limitation on discovery imposed on the case as a whole. On the other hand, State Farm's written discovery to plaintiff, is so overly broad in several respects and cumulative or duplicative of discovery it has already obtained either from other sources or from plaintiff during the pre-lawsuit claim application process that I will exercise the court's discretion to find that

some objections are not waived. Thus, I rule on the individual interrogatories and requests for production issued by State Farm to Amir Athletic, LLC, as opposed to the non-party deponents, as follows.

The motion is denied as to Interrogatories Nos. 1, 2, 3, 6, 8, 10, 11, 12, 13 and 14. Although the objections are deemed waived, the answers to these interrogatories are sufficient.

The motion is granted as to Interrogatory No. 7. All objections are deemed waived. A complete answer to this interrogatory must be provided to the full extent plaintiff has responsive knowledge.

The motion is denied as to Interrogatories Nos. 5 and 9, which seek information that appears relevant only tangentially and, at best, only to the subject matter of the case, without a showing of good cause sufficient to permit them, and which otherwise must be prohibited pursuant to Fed. R. Civ. P. 26(b)(2)(C).

The motion is granted in part and denied in part as to Interrogatory No. 4. An answer to this interrogatory must be provided only as to plaintiff Amir Athletic, LLC during the requested time period. The motion is denied insofar as it seeks a broader range of information.

In addition, I note that the copy of interrogatory answers provided to me in connection with this motion does not include the verification of interrogatory answers,

sworn under oath, required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5).  The required verification must be provided.

The motion is granted as to Requests for Production Nos. 1, 2, 4, 5, 6, 8, 9, 12, and 19, but only as follows.  Plaintiff's untimely written responses, made subject to waived objections, are vague in that they do not apprise either the court or defendant with <u>clear</u> statements of compliance with Rule 34(b)(2)(B). All objections to these requests are deemed waived. Plaintiff must produce <u>all</u> materials in its possession, custody or control responsive to these requests <u>and</u> provide new written responses, <u>clearly</u> stating without <u>objection</u>, as to each of these requests separately either that <u>all</u> responsive materials in plaintiff's possession, custody or control have been produced or that <u>no</u> responsive materials are in its possession, custody or control.

The motion is denied as to Requests for Production Nos. 3, 7, 11, 13, 24, 25, 26 and 27.  These requests seek materials that may be relevant, at best and if at all, only tangentially to the <u>subject matter</u> of the case, without a showing of good cause sufficient to permit them, and which otherwise must be prohibited pursuant to Fed. R. Civ. P. 26(b)(2)(C).  The objections are sustained, and no further responses to these requests are required.

The motion is denied as to Requests for Production Nos. 10 and 18.  Plaintiff's clear statement that it has no responsive materials in its possession is sufficient.  The

motion is also denied as to Requests for Production Nos. 15, 16, 17, 18, 20, 21, 22, 23, 29, 30, 31, 32, 33 and 34.  The responses (including where they clearly state plaintiff has no responsive materials in its possession or that the responsive materials have already been produced) are sufficient.

The motion is granted in part and denied in part as to Requests for Production No. 14.  The request is overly broad in part and seeks much that is irrelevant. Accordingly, the motion is granted in part in that the request is hereby limited to materials concerning the subject insurance policy and claimed loss. Plaintiff must provide a new written response, without objection, clearly stating that <u>all</u> materials responsive to this request, as limited herein, have been produced.  The motion is denied as to this request insofar as it may seek a broader range of materials.

The motion is denied as to Request No. 28, which is <u>not</u> a Rule 34 request for production, as written.

Defendant's motion is denied insofar as it seeks attorney's fees and costs incurred in connection with its motion to compel. The motion has been granted only in part and denied in part.  Much of what was sought had already been obtained through other means or was legitimately objectionable.  Under these circumstances, I find that a reasonable apportionment of fees and costs incurred in connection with the motion is that all parties should bear their own. Fed. R. Civ. P. 37(a)(5)(C).

All interrogatory answers, the required verification of interrogatory answers, new written responses to requests for production, together with the actual production of additional responsive materials, if any, must be provided by plaintiff to defendant no later than **February 29, 2012**.

(B)    Plaintiff's Motion (Individual Depositions and Related Production Requests)

I have construed plaintiff's motion for a discovery conference as a motion for protective order to quash some or all of the subject eight (8) individual depositions and the related production requests via subpoena duces tecum to each individual. As to the testimonial portions of the deposition notices, the motion is denied, and the eight (8) individual depositions must proceed. The description of the identities of these potential witnesses provided to me in the motion papers and at oral argument indicates that they may have discoverable knowledge concerning the alleged loss, which is best obtained through oral testimony. Accordingly, they may be deposed by defendant.

Plaintiff's complaint that defendant plans day-long depositions of the individuals is insufficient to support a protective order. Fed. R. Civ. P. 30(d)(1) permits individual depositions to be conducted for not longer than one day of seven hours, and these depositions must not exceed that limit. In addition, defendant is reminded that it is presumptively limited to no more than ten (10) depositions in this case, and it may not exceed that limit without leave of court on motion demonstrating why depositions beyond this limit might be permissible. Fed. R. Civ. P. 30(a)(2)(A)(i). If defendant takes all eight

(8) of these depositions, even of persons whose knowledge of relevant events turns out to be limited, it will have only two (2) depositions left to take in the case.

On the other hand, plaintiff's motion for a protective order as to the document production requested from the eight (8) individuals whose depositions have been noticed is well-founded in part. To a large extent, these requests, which apparently have been properly sought by subpoenas duces tecum as required by Fed. R. Civ. P 45, are overly broad, unduly burdensome and seek much that appears irrelevant to the claims and defenses in this case, especially from persons who are <u>not</u> parties to this case. Thus, the motion is granted in part and denied in part in that the requests for production to individual deponents are modified as follows:

At his or her deposition, each deponent must produce to defendant, with a copy to plaintiff, materials in his or her possession, custody or control that are responsive to Requests Nos. 4, 5, 6, 7, 8, 9 and 12, but limited to materials concerning Amir Athletic, LLC and/or the subject Holmes Blvd. Athletes Foot store and/or the subject burglary and loss during the time period January 1, 2009 to the present.  The subpoenas duces tecum to the individual deponents are QUASHED in their entirety as to Requests Nos. 1, 2, 3, 10 and 11 and as to Requests Nos. 4, 5, 6, 7, 8, 9 and 12 insofar as they seek production of materials beyond the limits imposed in this order, because the broader requests seek materials that appear relevant, at best, only tangentially to the subject matter of the case, without a showing of good cause sufficient to permit them, and which otherwise must be

prohibited pursuant to Fed. R. Civ. P. 26(b)(2)(C). All reasonable costs (not including attorney's fees) of producing the materials, including the cost of providing copies of these materials to plaintiff, must be paid by defendant.

In all other respects, including any requests for production of materials beyond those described above, the motion is granted and the requests for production are quashed.

It is defense counsel's responsibility to serve each deponent with this order so that the deponents are apprised of the limits imposed by the court on defendant's overly broad requests for production. If counsel for the deponents appears of record in this case, that service may be accomplished via Fed. R. Civ. P. 5(b)(1).

New Orleans, Louisiana, this _____16th_____ day of February, 2012.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE